## MILLER v. DIXIE GREYHOUND LINES, Inc.

### No. 11922.

Circuit Court of Appeals, Fifth Circuit.

Dec. 26, 1947.

[2] Stetson v. United States, 9 Cir., 155 F.2d 359; Bornhurst v. United States, 9 Cir., 164 F.2d 789.

Sam H. Long and M. T. Adams, both of Tupelo, Miss., for appellant.

A. Longstreet Heiskell, of Memphis, Tenn., and Sam E. Lumpkin, of Tupelo, Miss., for appellee.

Before HUTCHESON, HOLMES, and LEE, Circuit Judges.

HUTCHESON, Circuit Judge.

Struck by an oncoming car, after safely alighting from one of defendant's buses at a regular stop, when, coming from behind the bus, she undertook to cross the highway, appellant, by her husband and next friend, sued appellee, the owners of the on-coming automobile, and a passing truck as defendants. At the conclusion of the plaintiff's evidence,[1] defendant appellee moved for and obtained an instructed verdict, and plaintiff has appealed. Here she insists that her proof, that instead of stopping on the shoulder the bus stopped on the main traveled part of the highway, made out a case of negligence under Gulf Refining Co. v. Brown, 196 Miss. 131, 16 So.2d 765, and her proof, that the bus did not dim its lights in response to Kohler's dimming, made out a case of negligence under Sections 8234 and 8241, Mississippi Code Annotated 1942, governing the depressing or dimming of headlights on parked vehicles and in response to approaching traffic. Cf.

---

[1] This was to the effect that plaintiff, a passenger on a west bound Birmingham to Memphis bus of the defendant Greyhound Lines, Inc., got on at Tupelo, Mississippi, going to Sherman, and intending to get off at the Red Hill crossing. On approaching this crossing the bus pulled off to the right on the north side of the highway and cleared the intersection by passing beyond and to the west of the Red Hill road.

Plaintiff testified that the left wheels of the bus were on the concrete and the right ones were off; that it was dark and that the plaintiff got off on the right or north shoulder of the highway, walked back east the length of the bus; that she didn't see anything but the bus light; that she started across the highway behind the bus, and she didn't know how far she got across the road before she was hit; that two other passengers got off first, but she doesn't know how far ahead of her they were.

Asked how far she was from the bus when she started across the highway, she answered: "I didn't pay no attention to the bus"; and that she didn't know how far she was from it when she started across.

The defendant Kohler, sworn as a witness for plaintiff, testified that as he came down the road he saw the bus parked, that he dimmed his lights because he didn't know whether it was standing still or whether it was a moving vehicle, that the vehicle didn't dim its lights, that he didn't realize until he got right up on it what it was, that just as he was passing the bus he had the accident. "Q. Well, how did it happen? A. Well, evidently the girl came out from behind the bus and stepped into the path of my car. * * * I never did see the girl until this crash came. I was kind of excited, and of course, I pulled over to the right side of the road, but I kept going for about 20 feet * * * and just as I stopped there I saw the truck coming * * *. I got out of my car and ran down the road and tried to flag this vehicle down." It was "not running very fast.

"Q. Now then did he run over this girl? A. Yes, sir, I heard a bump when he hit her.

"Q. I believe you paid for your part of hurting her. A. Yes, sir, I settled with the girl for the only damage done to her—my part of it."

Questioned by defendant: "Now when you struck the object, this girl, you say you had not seen her? A. No, sir.

"Q. Until you struck her? A. No, that happened just like that. I mean she wasn't in front of my lights that I could see her."

On further examination, he was asked when he first dimmed his lights. He answered: "Well, the lights when they got to shining in my face. You don't dim your lights until the lights come on and start showing up.

"Q. Were you blinded by these lights? A. To a certain extent.

"Q. How great extent? A. Well, I was able to see the road. I don't mean I couldn't see the road.

"Q. What did you do when you were blinded by these lights? A. I kept on. I could see the road. I mean I wasn't entirely blinded, so I couldn't see anything in the road.

"Q. You didn't apply your brakes and stop. A. I slowed down considerably.

"Q. You didn't stop your car. A. No, sir, I didn't stop my car."

Evans Freight Lines v. Fleming, 184 Miss. 808, 185 So. 821.

Appellee, on its part citing Mississippi City Lines v. Bullock, 194 Miss. 630, 13 So.2d 34, 145 A.L.R. 1199, insists that in order to entitle the plaintiff to recover she must show not merely that there was negligence but that it was the direct and proximate cause of her injuries, and that since the evidence establishes as a matter of law that her undertaking to cross the highway and not the stopping of the bus or the condition of its lights was the proximate cause, the verdict was rightly directed. In support of its position that the statute requiring bus lights to be dimmed is without bearing in the case it points to the absence of any evidence in the case that the lights of the bus were not in strict accordance with the statutes of Mississippi.

An examination of the record in the light of these contentions and counter-contentions leaves us in no doubt that the verdict was rightly directed and that the judgment must be affirmed.

Affirmed.